UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALCOLM MADISON,

                Plaintiff,

-against-

CVS; SECURITY GUARD; SUPERVISING MANAGER; FLOOR MANAGER,

                Defendants.

22-CV-4221 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action invoking the court's federal question jurisdiction, alleging that Defendants violated his federal constitutional or statutory rights.[1] By order dated October 25, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, Plaintiff's amended complaint is dismissed.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Approximately two weeks after Plaintiff filed this action, he amended his complaint without any direction from the court.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, Malcolm Madison, who identifies himself as being homeless, brings this action using the court's general complaint form. Plaintiff brings this action against the CVS store located at 241 West 57th Street, New York, New York, and three unnamed CVS employees: (1) a security guard, whom Plaintiff describes as, "Tall, Black, wear[s] glasses"; (2) a supervising manager, whom Plaintiff describes as, "Spanish female, wears glasses"; and (3) a floor manager, whom Plaintiff describes as "Spanish female." (ECF No. 4 at 4.)

Plaintiff asserts that the events giving rise to his claims occurred from May 23, 2022, through June 4, 2022. He alleges that the security guard "works for a security firm that is gang related and they don't do Background Checks on people they hire." (*Id.* at 5.) Plaintiff states that on May 23, 2022, he saw a guy talking with the security guard, and that the guy "punched me from behind in my eye." (*Id.*) He alleges further that the "security guard was acting on orders on behalf of the 2 Spanish female managers." (*Id.*)

Plaintiff alleges further that, on June 4, 2022, the guy who had hit him from behind on May 23, 2022, pulled up in a grey minivan and went inside the CVS, and the security guard came to the door and looked at Plaintiff. Plaintiff asserts that the CVS staff treats the guy who punched him like a celebrity, and that they use the "security firm as Enforcers to psychologically Intimidate me because I'm homeless and I have a criminal record." (*Id.* at 6.) He asserts further that the security firm is being used to intimidate him from freely exercising his civil and constitutional rights. Plaintiff alleges that he suffered a "swollen and stratched [sic] right eye and mental & psychological Trauma," and he seeks $2,500,000 in monetary damages.

## DISCUSSION

Because Plaintiff alleges that his federal constitutional rights were violated, the Court interprets Plaintiff's allegations as raising claims under 42 U.S.C. § 1983. Section 1983 provides a redress for deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978).

**A.     Private Parties**

Plaintiff asserts claims against CVS, which is a private entity, and CVS employees, who are private parties. As such, the complaint does not show that Defendants can be held liable under Section 1983.

To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48–49 (1988). Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

"[C]onduct by a private entity constitutes state action only when 'there is a sufficiently close nexus between the State and the challenged action of the [private] entity so that the action of the latter may be fairly treated as that of the State itself.'" *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 229 (2d Cir. 2004) (quoting *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 351 (1974)). The purpose of the state action requirement "is to assure that constitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." *Cranley v. Nat'l Life Ins. Co. of Vermont*, 318 F.3d 105, 111 (2d Cir. 2003) (citations omitted).

In addition, as courts within the Second Circuit have repeatedly held, a store employee does not become a state actor simply by detaining or calling for the arrest of a suspected shoplifter. *Jones v. J.C. Penney's Dep't Stores, Inc.*, 2007 WL 1577758, at *7 (W.D.N.Y. May 31, 2007), *aff'd*, 317 F. App'x 71 (2d Cir. 2009) (collecting cases); *see Newman v. Bloomingdale's*, 543 F. Supp. 1029, 1032 (S.D.N.Y. 1982) (finding that a store's conduct does not meet the state action requirement for a claim under Section 1983 when an employee accused

4

a person of shoplifting and detained the person until the police arrived, who in turn arrested the person based solely on the store personnel's oral complaint).

Because CVS is a private entity and the CVS employees are private parties who do not work for any state or other government body, and Plaintiff does not allege any facts suggesting that these Defendants acted jointly with the State, these Defendants are not liable under Section 1983, and Plaintiff's claims against them must therefore be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Supplemental Jurisdiction**

Plaintiff's complaint could be liberally construed as also asserting state law assault claims. A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**C.     Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses Plaintiff's Section 1983 claims for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction over any state law claims that Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   December 19, 2022
            New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge